UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY H. BAPTISTE, #453207,

                               Plaintiff,

                                      **ORDER**
               -against-                      17-CV-00212 (JMA)(SIL)

ROBERT A. MACEDONIO, GEORGE DUNCAN,

                               Defendants.
------------------------------------------------------------------X
**AZRACK, District Judge:**

     On January 11, 2017, incarcerated pro se plaintiff Anthony Baptiste filed a in forma pauperis complaint against his defense attorneys in an underlying state court criminal case, Robert A. Macedonio ("Macedonio") and George Duncan ("Duncan" and together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. The Court grants plaintiff's request to proceed in forma pauperis but, for the reasons that follow, sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b).

## I.   BACKGROUND[1]

     Plaintiff's handwritten complaint was submitted on the Court's Section 1983 complaint form with an additional fifteen pages and seeks to challenge the adequacy of the representation provided by his privately retained attorneys during an on-going state court criminal prosecution in Suffolk County Court - Criminal Term under case number 00396B-2016.[2] (Compl. ¶ II and

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] See https://iapps.courts.state.ny.us/webcrim (last visited on February 15, 2017).

1

attachments thereto.) Plaintiff alleges, inter alia, that his attorneys did not file motions on his behalf, shared information about the case with plaintiff's parents, and tried to coerce plaintiff to accept a guilty plea. (Id.) As a result, plaintiff claims to have suffered "stress" from being kept "in the dark" about his case. (Id. ¶ II.A.) Plaintiff claims he "was psychologically traumatized and depressed" and seeks to recover a damages award in total sum of $2,535,000. (Id. ¶ III.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that

is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

   **1.    Application to Plaintiff's Claims**

As noted above, in order to state a Section 1983 claim, a plaintiff must

allege, inter alia, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, the sole defendants, Macedonio and Duncan, are alleged to be plaintiff's criminal defense attorneys in the underlying state court criminal matter. Both defendants are alleged to be privately retained.[3] Thus, because these defendants are private actors, they do not act under color of state law and cannot be liable under Section 1983.

However, private actors, such as the defendants, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To state a plausible conspiracy claim under Section 1983, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).

Here, plaintiff has made no allegations from which the Court could construe joint action by Macedonio or Duncan with a state actor or that either of these defendants conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim. Because Macedonio and Duncan are not state actors, there is no legal basis for a Section 1983 claim against them. Accordingly, plaintiff's Section 1983 claims against Macedonio and Duncan fail as a matter of law, and are dismissed pursuant to 28 U.S.C. §§

---

[3] Even if these attorneys were appointed by the Court to represent plaintiff in the underlying criminal case, they would not be state actors for purposes of Section 1983. See, e.g., Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

4

1915(e)(2) (B)(ii), 1915A(b).

**D.      Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied. However, plaintiff may pursue any valid state law claims he may have against the defendants in state court.

## III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but plaintiff's claims are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**   \_\_\_\_\_/s/ (JMA)_____
  Joan M. Azrack
Dated:   March 23, 2017   United States District Judge
  Central Islip, New York